UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | | |
| KOONTZ-WAGNER CUSTOM CONTROL HOLDINGS LLC, | § § § § § § | Case No. 18-33815<br><br>Chapter 7 |
| Debtor | | |
| RODNEY D. TOW, CHAPTER 7 TRUSTEE | § § § § | |
| Plaintiff | § § | Adversary No. 20-03265 |
| v. | § § § | |
| TRI-STATE ELECTRICAL CONTRACTORS, INC. | § § § § | |
| Defendant | § | |

### TRI-STATE ELECTRICAL CONTRACTORS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO TRUSTEE'S ORIGINAL COMPLAINT

Tri-State Electrical Contractors, Inc. ("Tri-State"), by and through its attorneys, answers the Trustee's Original Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§547 and 550, and for Other Relief (the "Complaint") as follows:

1. Tri-State admits the jurisdictional averments contained in paragraph number one (1) of the Complaint.

2. Tri-State admits that this is a core proceeding as set forth in paragraph number two (2) of the Complaint.

3. Tri-State admits that the venue of this case is properly in this district as stated in paragraph number three (3) of the Complaint.

4. Paragraph number four (4) of the Complaint requires no response by Tri-State.

5. Paragraph number five (5) of the Complaint requires no response by Tri-State.

6. Tri-State admits the averments contained in paragraph number six (6) of the Complaint.

7. Tri-State admits the averments contained in paragraph number seven (7) of the Complaint.

8. Tri-State admits the averments contained in paragraph number eight (8) of the Complaint.

9. Tri-State admits the averments contained in paragraph number nine (9) of the Complaint.

10. Tri-State admits the averments contained in paragraph number ten (10) of the Complaint.

11. Tri-State admits the averments contained in paragraph number eleven (11) of the Complaint.

12. Paragraph number twelve (12) of the Complaint requires no response by Tri-State.

13. Tri-State admits that it received money from the Debtor during the ninety (90) days preceding the date of the petition. Tri-State admits that there is attached to the Complaint an Exhibit A which purports to track payments sent to Tri-State during the Preference Period. Tri-State is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph number thirteen (13) of the Complaint, and is without sufficient knowledge or information to admit or deny the validity of the information contained in Exhibit A attached to the Complaint.

14. Tri-State is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph number fourteen (14) of the Complaint inasmuch as it does not know the ownership of the account from which the money was transferred.

15. Tri-State is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph number fifteen (15) of the Complaint.

16. Tri-State admits that it received money from the Debtor during the Preference Period (as that term is defined in the Complaint). Tri-State is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph number sixteen (16) of the Complaint.

17. Tri-State admits that it was a creditor of the Debtor prior to the time each of the purported Transfers (as defined in the Complaint) were made. Tri-State is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph number seventeen (17) of the Complaint.

18. Tri-State admits that it received money during the Preference Period (as that term is defined in the Complaint) from the Debtor in payment for services provided.

19. Tri-State is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph number nineteen (19) of the Complaint.

20. The averments contained in paragraph twenty (20) of the Complaint are a recital of 11 U.S.C. §547 (f) which require no response by Tri-State.

21. Tri-State admits the averments contained in paragraph twenty-one (21) of the Complaint.

22. Tri-State is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph number twenty-two (22) of the Complaint.

23. Tri-State is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph number twenty-three (23) of the Complaint.

24. The averments contained in paragraph number twenty-four (24) of the Complaint are denied.

25. Paragraph number twenty-five (25) of the Complaint require no response by Tri-State.

26. Tri-State is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph number twenty-six (26) of the Complaint.

27. The averments contained in paragraph twenty-seven (27) of the Complaint are a recital of 11 U.S.C. §550 which require no response by Tri-State.

28. Paragraph number twenty-eight (28) of the Complaint require no response by Tri-State.

29. Tri-State is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph number twenty-nine (29) of the Complaint.

30. The averments contained in paragraph number thirty (30) are admitted.

31. The averments contained in paragraph number thirty-one (31) of the Complaint are a recital of 11 U.S.C. §502 (d) which require no response by Tri-State.

32. The averments contained in paragraph number thirty-two (32) of the Complaint are denied.

33. All averments in the Complaint not admitted are denied.

### **First Affirmative Defense**

34. The Trustee may not avoid the transfers referenced in the Adversary Complaint pursuant to 11 U.S.C. §547 because the Transfers were intended by the Debtor and the Defendant to be a contemporaneous exchange for new value given to the Debtor and it was in fact a substantially contemporaneous exchange.

**Second Affirmative Defense**

35. The Trustee may not avoid the Transfers reference in the Adversary Complaint pursuant to 11 U.S.C. §547 because the Transfers were in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and the Defendant and the Transfers were made in the ordinary course of business or financial affairs of the Debtor and the Defendant; or were made according to ordinary business terms.

Wherefore, premises considered, Defendant requests that this Adversary Proceeding be dismissed in its entirety with costs adjudged against the Plaintiff.

DATED: August 28, 2020

Respectfully submitted,

SAMPLES, JENNINGS, CLEM & FIELDS, PLLC

By: */s/ Jim Fields*
James A. Fields, BPR#11484
130 Jordan Drive
Chattanooga, TN 37421
(423) 892-2006 ext. 4 (telephone)
(423) 892-1919 (fax)
jfields@sampleslaw.com  (email)


-and-

HOFFMAN & SAWERIS, P.C.

By:*/s/ Alan Brian Saweris*
    Alan Brian Saweris
    State Bar No. 24075022
    S.D. Bar Number: 1850547
    Matthew Hoffman
    State Bar No. 09779500
    S.D. Bar No. 3454
    Hoffman & Saweris, p.c.
    2777 Allen Parkway, Suite 1000
    Houston, Texas 77019
     (713) 654-9990 *(Telephone)*
     (866) 654-0038 *(Facsimile)*

ATTORNEYS FOR TRI-STATE ELECTRICAL CONTRACTORS, INC.

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on the 28th day of August 2020, a true and correct copy of the foregoing Answer and Affirmative Defenses was served upon the following persons via ECF/CM or by U.S. Mail, postage paid to the address set forth below:

Rodney D. Tow, Chapter 7 Trustee
c/o R. J. Shannon, Esq.
Barron & Newburger, PC.
7320 N. MoPac Expy
Greyston II Suite 400
Austin, TX 78731

and

Rodney D. Tow, Chapter 7 Trustee
1122 Highborne Cay Court
Texas City, Texas 77590
rtow@rtowtrustee.com

                 */s/ James A. Fields*
                 James A. Fields